# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:22-cr-142
                                        Civil Case No. 3:24-cv-00003

                                        District Judge Walter H. Rice
-  vs  -                                  Magistrate Judge Michael R. Merz

LARAMIE LAWSON,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 38). On Order of District Judge Walter H. Rice (ECF No. 39), the United States has filed an Opposition to the Motion (ECF No. 43). Defendant however, has failed to file a reply to the Government's Answer. Pursuant to 28 U.S.C. § 136, Fed.R.Civ.P. 72(b), and Amended General Order 22-05, Judge Rice has referred the Motion to Vacate to the undersigned for report and recommendations (ECF No. 44).

**Litigation History**

On December 13, 2022, the grand jury for this District indicted Defendant Lawson on eight counts. Count One charges Defendant with conspiracy to distribute and possess with intent to

distribute methamphetamine, fentanyl, and cocaine in violation of 21 U.S.C. §§ 846, 841(b)(l)(A)(vi), 841(b)(l)(A)(viii), and 841(b)(l)(C). Count Two charges that Defendant on July 27, 2022, possessed in connection with the conspiracy charged in Count One a firearm in furtherance of a drug trafficking crime in violation of 18 U. S.C. § 924(c)(l)(A)(i). Count Three charges Defendant with actual possession with intent to distribute the drugs charged in Count One, in violation of 21 U. S.C. §§ 841(a)(l), 841(b)(l)(A)(viii), and 841(b)(l)(C).

Count Four charges Defendant with possession of a firearm in connection with a controlled substances offense in violation of 18 U. S.C. § 924(c)(l)(A)(i). Count Five charges Defendant with being a felon in possession of a firearm in violation of 18 U. S.C. §§ 922(g)(l) and 924(a)(8). Count Six charges Defendant with Possession with Intent to Distribute Fentanyl, Methamphetamine, and Cocaine in violation of 21 U. S.C. §§ 841(a)(l), 841(b)(l)(A)(vi), and 841(b)(l)(C). Count Seven adds another count of possession of a firearm in furtherance of a controlled substances offense and Count Eight again charges Defendant with being a felon in possession of a firearm (Indictment, ECF No. 21).

Magistrate Judge Peter B. Silvain, Jr., had already appointed Assistant Federal Public Defender Art Mullins to represent Defendant as of November 2, 2022 (ECF No. 7). After the Indictment, the case was assigned to Judge Rice who held an arraignment on December 20, 2022, at which Defendant pleaded not guilty to all counts (Minute Entry, ECF No. 22).

On March 21, 2023, Defendant entered into a Plea Agreement with the United States (ECF No. 29). Under the Agreement, Defendant was to plead guilty to Counts Three, Four, and Six. *Id.* at PageID 68. Under Paragraph 6, the parties agreed to the accuracy of the attached Statement of Facts and that it provided an adequate factual basis for Defendant's conviction of the three counts to which he agreed to plead guilty. *Id.* at PageID 70. The same day the Agreement was signed,

2

Defendant appeared before Judge Rice for the plea colloquy (Minute Entry, ECF No. 28; Transcript, ECF No. 40).  Although the Agreement contains no appeal waiver, Defendant took no appeal.  After receiving and considering Sentencing Memoranda (ECF Nos. 33 and 34) and the Presentence Investigation Report of the Probation Officer (ECF No. 32), Judge Rice sentenced Defendant to 144 months incarceration on each of Counts Three and Six, to be served consecutively to sixty months on Count Four (Judgment, ECF No. 36).  The instant Motion to Vacate followed on January 3, 2024 (ECF No. 38).

**The Pleadings**

Defendant, who is proceeding *pro se* at this point, pleads the following grounds for relief:

> **Ground One:  Ineffective Assistance of Counsel**
>
> **Supporting Facts:**   The petitioner asserts that his counsel's performance fell drastically below an objective standard when he gave erroneous advice to his client that led to the inducement of plea, the waiver of right to appeal, the right to collateral attack, and the file to a request pursuant to the freedom of information and privacy act[1].
>
> In the instant Case the petitioner informed counsel that the firearms were not his and that he had never possessed firearms during any drug trafficking offense. Counsel then informed client that it would be in his best interest to admit to guilt regardless of the circumstances because the weapon was present within the residence. It is clear from his advice to his client that counsel's intent was to undermine the entire process and convience [sic] his client to enter into a plea regardless of culpability. . .  The firearms were located in

---

[1] As noted above, the Plea Agreement does not call for waiver of appeal, collateral attack, or the right to file claims under the Freedom of Information Act or the Privacy Act.

3

a common area of a residence occupied by numerous individuals, there is no evidence or testimony inferring [sic]that the firearms were evidence in the direct possession of the petitioner, nor that he constructively had possession of the firearms.

**Ground Two:  Base Offense Level/Purity to Mixture**

**Supporting Facts:**  Base Offense level should have started at 26. Instead of the base offense level as calculated by the Probation Department, the Court should have used the "whole person" approach endorsed by the Supreme Court in *United States v. Concepcion*, 597 U.S. 481 (2022).

**The Government's Response**

The United States does not plead any affirmative defenses.  Instead it asserts Attorney Mullins did not provide ineffective assistance of trial counsel as to the firearm possession charge because the Statement of Facts and the plea colloquy establish Lawson's guilt.  As to the Second Ground, the Presentence Investigation Report is not in error in calculating the base offense level.

## Analysis

The United States reads the Motion to Vacate as pleading two claims of ineffective assistance of trial counsel.  The Magistrate Judge accepts that reading because if Ground Two were read as a claim of trial court error, it would be procedurally defaulted by Defendant's failure to appeal.

A motion to vacate under § 2255 is not a substitute for direct appeal.  *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973).  Absent manifest injustice or special circumstances such as a change in the law, § 2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review.

Hertz & Liebman, Federal Habeas Corpus Practice and Procedure 6th, §41.7(e)(2011), *citing Reed v. Farley*, 512 U.S. 339, 358 (1994); *Withrow v. Williams*, 507 U.S. 680, 721 (1993); *Davis v. United States,* 417 U.S. 333, 342 (1974); *Kaufman v. United States*, 394 U.S. 217, 227 n. 8 (1969); Yackle, POSTCONVICTION REMEDIES, §108 (1981)*, citing Mars v. United States,* 615 F.2d 704 (6th Cir. 1980); *Mathews v. United States,* 11 F.3d 583 (6th Cir. 1993). In particular, collateral review under § 2255 is rarely if ever available to consider an asserted violation of the Sentencing Guidelines which could have been raised in the district court or on direct appeal. *Grant v. United States,* 72 F.3d 503 (6th Cir. 1996).

Claims of ineffective assistance of trial counsel, however, are not defaulted by being omitted from direct appeal because of the strong preference of the courts of appeal that those claims be presented in motions to vacate under 28 U.S.C. § 2255. The federal appellate courts prefer that an ineffective assistance of counsel claim should be brought in a § 2255 motion, rather than on direct appeal. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006). Procedural default doctrine does not bar the § 2255 motion even if the issue could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500 (2003); *United States v. Neuhausser*, 241 F.3d 460 (6th Cir. 2001); *United States v. Fortson,* 194 F.3d 730, 736 (6th Cir. 1999).

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a

5

> defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable."  *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

Assuming the truth of Defendant's allegation that Attorney Mullin advised him that the admitted facts would support a conviction of possession of a firearm in furtherance of a controlled substance offense, that advice was not deficient performance.  The United States is not required to prove actual possession of the firearm; constructive possession is sufficient. Lawson admitted constructive possession:

> **Judge Rice:**  You now admit that you possessed with the intent to distribute all of the drugs found inside the two residences as I've discussed and that you illegally possessed the loaded firearms for protection of yourself and in furtherance of your illegal -- I'm sorry – in furtherance of your drug-trafficking activity. Fentanyl, methamphetamine, and cocaine are all what we call Schedule II controlled substances.
>
> **Lawson:**  Yes sir.

(Plea Hearing Tr., ECF No. 42, PageID 282-83).  Ground One is without merit and should be dismissed with prejudice.

7

As to Ground Two, Lawson relies on a decision applying the First Step Act by the United States District Court for Mississippi, *United States v. Robinson*, 3:21-CR-14-CWR-FKB-2, (S.D. Miss. Dec. 23, 2022)[2]. As the United States points out, *Robinson* has no application here because it involved pure drugs and this case involves a mixture which included methamphetamine and which exceeded 500 grams. More importantly, *Robinson* relies on *United States v. Concepcion*, 597 U.S. 481 (2022). In that case the Supreme Court held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." In doing so, district courts are to look at the "whole person" who is being sentenced.

A "whole person" approach might lead a sentencing judge to choose either from the high end or from the low end of the Sentencing Guideline range, depending on whether assessment of the "whole person" lead to the conclusion that the defendant was more or less culpable. But it has nothing to do with assigning a base offense level in a drug trafficking case.

To the extent Defendant's second ground for relief is intended to argue that Attorney Mullins did not expressly argue for a lower Guideline range on the basis of a "whole person" approach, it is without merit. In this case, Judge Rice was obliged to impose the mandatory minimum of sixty months for the firearms count and to run that time consecutively to any other time imposed. The judge adopted the Probation Department's recommendation of the Guideline range for the drug offenses – 210 to 262 months. He then varied downward from the low end of the Guideline range by sixty-six months (five and one-half years) to choose a sentence of 144 months for the drug offenses. To the extent Defendant's argument is that he should have been

---

[2] Lawson does not provide a citation by which the undersigned was able to find the *Robinson* case.

granted leniency as to the drug offenses and he did not received that leniency because Attorney Mullin failed to argue about the base offense level, Ground Two is plainly without merit.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion to Vacate be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 14, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>United States Magistrate Judge