# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 3:22-cr-142
                                         Civil Case No. 3:24-cv-00003

                                         District Judge Walter H. Rice
- vs -                                    Magistrate Judge Michael R. Merz

LARAMIE LAWSON,

          Defendant.    :

---

# DECISION AND ORDER DENYING MOTION FOR LEAVE TO SUPPLEMENT; ORDER TO THE UNITED STATES ATTORNEY REGARDING SERVICE OF RESPONSE

---

This criminal case is before the Court on Defendant's third Motion for Leave to Supplement his Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 57).

    I.    **Motion for Leave to Supplement**

Defendant's first Motion for Leave to Supplement (ECF No. 49) was denied without prejudice to its renewal not later than July 15, 2024, in the form set forth in the Order (ECF No. 50, PageID 392).

1

Defendant's second Motion for Leave to Supplement (ECF No. 51) was filed July 15, 2024. Because it did not comply with the prior Order, it was denied, again without prejudice to its renewal in the proper form not later than August 1, 2024[1] (ECF No. 52). In response Defendant filed the instant third Motion for Leave to Supplement on August 23, 2024.

A motion to amend or supplement a pleading is governed by Fed.R.Civ.P. 15. The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United

---

[1] The deadline was later extended on Defendant's Motion to September 1, 2024.

*States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), cert denied, 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "[d]elay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989). Denial of a motion for leave to amend the complaint generally is reviewed for abuse of discretion, but denial on the basis of futility is reviewed de novo. *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006).

A motion to amend under Fed. R. Civ. P. 15 is non-dispositive and thus within the Magistrate Judge's decisional authority. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017)(Dlott, D.J.); *Chinn v. Warden*, 2020 U.S. Dist. LEXIS 94062 (S.D. Ohio May 29, 2020)(Morrison, D.J.).

Allowing the amendment Defendant seeks would be futile because the claims in it are barred by the statute of limitations. In the Antiterrorism and Effective Death Penalty Act of 1996

3

(Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), Congress enacted a one-year statute of limitations applicable to Motions to Vacate under 28 U.S.C. §2255. That statute provides:

> A one-year statute of limitations shall apply to a motion under this section. The limitations period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§2255(f)(1) applies to this case. All of the facts Lawson cites in his proposed Supplemental Motion are facts of which he knew at the time he pleaded guilty. Because Lawson did not appeal from his conviction, the judgment became final on the last day on which he could have appealed which was July 13, 2023. The statute of limitations therefore expired July 13, 2024. Lawson's original Motion to Vacate (ECF No. 38) was timely, but his instant Motion, filed August 14, 2024[2], is not. If the amendment/supplementation were allowed, the Court would have to dismiss the new claims as untimely. Therefore the amendment would be futile.

---

[2] This is the date Lawson avers he placed the Motion in the prison mailing system (ECF No. 57, PageID 474). It is therefore to be deemed the date of filing. *Houston v. Lack*, 487 U.S. 266 (1988).

In his original Motion, Lawson accuses Assistant Federal Defender F. Arthur Mullins of ineffective assistance of trial counsel and the amendments he seeks to make to Ground One also charge Attorney Mullins with ineffective assistance.  The new claims against Attorney Mullins do not relate back to the date of the original filing because they do not arise out of the same conduct, transaction, or occurrence as those in the original pleading.  All of the ineffective assistance of trial counsel claims arise out of Attorney Mullins's representation of Defendant in this case, but they are based on different facts,  The original claim related to Attorney Mullins' asserted failure to advise Lawson properly on the element of possession of a firearm in furtherance of a drug crime.  The proposed amendments would broaden out the claims against Attorney Mullins to find fault with virtually every aspect of his representation.

> An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

*Mayle v. Felix*, 545 U.S. 644, 650 (2005).  Relation back depends on a "common core of operative facts" between the new claim and the claim made in the original petition.  *Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011)(quoting *Mayle v. Felix*, 545 U.S. at 650).  *Mayle* cited as proper applications *Mandacina v. United States*, 329 F.3d 995 (8th Cir. 2003); and *Woodward v. Williams,* 263 F.3d 1135, 1142(10th Cir. 2001).  Felix had originally raised a Confrontation Clause claim relating to videotaped testimony and amended to add a Fifth Amendment claim about his own confession.  The Ninth Circuit's position that the trial is the "transaction or occurrence" to which all habeas claims relate was rejected.

In *Hill v. Mitchell*, 842 F.3d 910 (6th Cir. 2016)(Batchelder & McKeague, Cole dissenting), the court rejected relation back.  The original petition contained a *Brady* claim "completely bereft

5

of specific fact allegations or evidentiary support and not tied to any particular theory of relief."

*Id.* at *22.

> The original claim did not identify, even in general terms, the nature of any suppressed information believed to be exculpatory or impeaching or how such suppressed information was material to the defense. A claim that the State was suppressing an unspecified *something* is much different from a claim regarding *what*, specifically, the State was suppressing and how it would have benefitted Hill at trial had it been disclosed.

*Id.* at *23. What is said here about the proposed additions to Ground One applies even more strongly to Proposed Ground Three for prosecutorial misconduct.

Accordingly, Defendant's Motion for Leave to Supplement is DENIED.

## II. Service of the Response in Opposition

When the United States filed its Response to the Motion to Vacate (ECF No. 43), it certified it had served a copy on Defendant by mail. *Id.* at PageID 357. In seeking an extension of time to object to the original Report and Recommendations in this case, Defendant claimed he had not, as of May 28, 2024, received the Response (ECF No. 46, PageID 368). The Magistrate Judge then withdrew the Report and ordered the United States "to file with the Court proof of receipt of the Answer [Response] by Defendant". (ECF No. 47, PageID 374). In response the United States filed the FedEx shipping receipt which showed that the envelope containing the service copy of the Response was signed for by prison staff person J. Kidder (ECF No. 48, PageID 375). Upon further Order of the Court, the United States filed the Affidavit of J. Kidder which does not show delivery to Defendant. Instead, J. Kidder avers

> 1. I am Jeremy Kidder, the Material Handler supervisor at FCC Hazelton, Bruceton Mills, Preston County, West Virginia, do hereby swear under oath to the following:
>
> 2. When FedEx delivers inmate packages to FCC Hazelton, I sign or them and place them in the Secure Inmate Property Room. Receiving and Discharge (R&D) officers will collect mail and deliver to the central mailroom for processing. One processed, mail will be delivered to the proper institution for distribution to the inmate.
>
> 3. On May 30, 2024, at 12:35 p.m., I was working as the Material Handler supervisor at FCC Hazelton.
>
> 4. I signed for a FedEx package with tracking number 776586392l38, addressed to Laramie Lawson - Reg. No. 29739-510, FCI Hazelton, P.O. Box 5000, Bruceton Milles, West Virginia 26525.
>
> 5. I placed the package in the Secure Inmate Property Room. At a later date, an officer from the R & D department collected the items for processing at the central mailroom and distributed the same to the inmates.

(Affidavit of Jeremy Kidder, ECF No. 53, PageID 432). In the face of this documentation, Defendant still claims he has not received the Response (ECF No. 57, PageID 443). To settle this issue, it is hereby ORDERED:

1. The trial attorney for the United States in this case shall transmit to the Warden at Defendant's place of imprisonment a copy of the Response and a form of receipt on which Defendant can acknowledge receipt of the Response.

2. The Warden shall designate a prison employee who shall personally deliver the Respond in hand to Defendant Lawson and tender to him the receipt for acknowledgment.

7

3. The delivering employee shall return to the United States Attorney for filing the receipt and his affidavit of the facts of delivery (i.e., date and time, whether or not Defendant signed the receipt, and anything said by Defendant on the occasion of delivery).

4. The United States trial attorney shall file the affidavit and the receipt, whether or not signed, in this case.

IT IS SO ORDERED.

August 26, 2024.

s/ *Michael R. Merz*<br>United States Magistrate Judge