# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:22-cr-142
                                        Civil Case No. 3:24-cv-00003

                                        District Judge Walter H. Rice
- vs -                                 Magistrate Judge Michael R. Merz

LARAMIE LAWSON,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 38). On Order of District Judge Walter H. Rice (ECF No. 39), the United States filed its Response (ECF No. 43). Defendant has acknowledged his receipt of the Response by personal (in hand) service on October 18, 2024, 10:03 am. (ECF No. 63). Although Defendant has disputed earlier allegations of service, those disputes are now moot because service on October 18, 2024, is indisputable.

Judge Rice referred the Motion to Vacate to the undersigned for report and recommendations (ECF No. 44). The undersigned thereafter set Defendant's deadline to file his Reply to the Government's Response at thirty days after service of the Response (ECF No. 47, PageID 374). The deadline was therefore November 17, 2024. As of the date of this Report,

1

Defendant has not filed a reply nor sought an extension of time to do so; he has thereby forfeited his right to do so.

**Litigation History**

Lawson was arrested November 7, 2022, on a warrant issued for his arrest by United States Magistrate Judge Peter B. Silvain, Jr., on a Complaint sworn to before Judge Silvain October 25, 2022 (ECF No. 1). He was bound over to the grand jury after a preliminary hearing and upon a finding of probable cause by Magistrate Judge Caroline H. Gentry (ECF No. 19).

The grand jury returned an eight count Indictment on December 13, 2022, charging Lawson with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, Fentanyl, and Cocaine in violation of 21 U.S.C. §§ 846, 841(b)(l)(A)(vi), 841(b)(l)(A)(viii), and 841(b)(l)(C)(Count One); Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U. S.C. § 924(c)(l)(A)(i)(Count Two); Possession with Intent to Distribute Methamphetamine, Fentanyl, and Cocaine in violation of 21 U. S.C. §§ 841(a)(l), 841(b)(l)(A)(viii), and 841(b)(l)(C)(Count Three); another count of possession of a firearm in furtherance of a drug trafficking crime (Count Four); possession of a firearm after having been convicted of a felony in violation of n violation of 18 U. S.C. §§ 922(g)(l) and 924(a)(8)(Count Five); another count of Possession with Intent to Distribute Fentanyl, Methamphetamine, and Cocaine (Count Six); a third count of possessing a firearm in furtherance of a drug trafficking crime (Count Seven); and another count of possessing a firearm after having been convicted of a felony (Count Eight)(Indictment, ECF No. 21). On December 20, 2022, Lawson appeared

remotely with counsel before Judge Rice, to whom the case had been assigned, and pleaded not guilty to all counts (Minute Entry, ECF No. 22).

On March 21, 2023, Lawson entered into a Plea Agreement with the United States (ECF No. 29). Lawson agreed to plea guilty to Counts Three, Four, and Six. *Id.* at PageID 68. The United States agreed to dismiss the other counts at the time of final judgment and not to prosecute Lawson for any conduct that was part of the same course of conduct and known to the United States at the time of the Plea Agreement. On the same day the Plea Agreement was signed, Lawson appeared before Judge Rice and entered guilty pleas consistent with the Plea Agreement (Minute Entry, ECF No. 28). After reviewing a Presentence Investigation Report from the Probation Department, Judge Rice sentenced Lawson on June 28, 2023, to twelve years imprisonment on Counts Three and Six, to be served concurrently, and five years on Count Four, to be served consecutively (Judgment, ECF No. 36). Lawson took no appeal, but filed his Motion to Vacate January 3, 2024, well within the one-year statute of limitations. He pleads the following Grounds for Relief:

> **Ground One: Ineffective Assistance of Counsel**
>
> **Supporting Facts**: The petitioner asserts that his counsel's performance fell drastically below an objective standard when he gave erroneous advice to his client that led to the inducement of plea, the waiver of right to appeal, the right to collateral attack, and the [right to] file to a request pursuant to the freedom of information and privacy act.
>
> In the instant Case the petitioner informed counsel that the firearms were not his and that he had never possessed firearms during any drug trafficking offense. Counsel then informed client that it would be in his best interest to admit to guilt regardless of the circumstances because the weapon was present within the residence. It is clear from his advice to his client that counsel's intent was to undermine the entire process and convience [sic] his client to enter

3

> into a plea regardless of culpability. . . The firearms were located in a common area of a residence occupied by numerous individuals, there is no evidence or testimony inferring [sic] that the firearms were evidence in the direct possession of the petitioner, nor that he constructively had possession of the firearms.
>
> **Ground Two: Base Offense Level/Purity to Mixture**
>
> **Supporting Facts:** Base Offense level should have started at 26. Instead of the base offense level as calculated by the Probation Department, the Court should have used the "whole person" approach endorsed by the Supreme Court in *United States v. Concepcion*, 597 U.S. 481 (2022).

(Motion to Vacate, ECF No. 38, PageID 181-83).

# Analysis

**Ground One:  Ineffective Assistance of Counsel**

In his First Ground for Relief, Lawson asserts his trial attorney, Arthur Mullins, provided ineffective assistance of trial counsel by advising him to plead guilty on the firearms charge because the two firearms in question were not in his actual possession, but only in his house at the time of the search and arrest.

The governing standard for ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the

4

> defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

5

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011). Lawson acknowledges that *Strickland* provides the governing standard for ineffective assistance of trial counsel claims.

Lawson has provided no sworn statement of any advice Attorney Mullins allegedly gave him. The Magistrate Judge notes first that Attorney Mullins is extremely unlikely to have given Lawson advice to "waive [his] right to appeal, the right to collateral attack, and the file to a request pursuant to the freedom of information and privacy act" because Attorney Mullins has practiced criminal defense law in this Court for many years and certainly would have known, along with the prosecuting attorney, that Judge Rice refuses to accept waivers of that sort in plea agreements. In any event, even if Attorney Mullins gave that advice, Lawson suffered no prejudice because he did not waive any of those rights.

With respect to the advice to plead guilty, i.e., to accept the plea bargain offered by the United States, Lawson is of course entitled to the effective assistance of counsel in plea bargaining. *Lockhart* v. *Fretwell,* 506 U.S. 364 (1993). But Lawson has failed to demonstrate how giving that

6

advice would have been below prevailing professional standards. Lawson asserts facts about the location of the firearms, but he does not make those assertions under oath. He asserts the United States did not produce any evidence that the guns were in his actual possession, but that is true of every case in which a plea bargain is accepted: the Government presents no evidence at all. The only sworn statement of facts about where the firearms were found comes from Lawson's admissions at the plea colloquy. Judge Rice read that statement into the record and Lawson admitted that the statement was true and that those portions of it on location of the discovered firearms were sufficient for conviction of the firearms count to which he pleaded. He did not admit actual possession of the firearms, but constructive possession which is sufficient for conviction. In other words, he both admitted the underlying facts and the relevant conclusion of law that those facts were sufficient for conviction.

In return for those admissions, Lawson received dismissal of the remaining counts of the Indictment and a two-point reduction in his Guidelines score for acceptance of responsibility and a one-point reduction for timely notification of intention to plead. (PSI, ECF No. 32, PageID 122). A conviction on the other firearms count would have carried a mandatory five-year term of imprisonment and was probable on the same facts Lawson admitted.

Defendant's eventual Guideline Range as calculated by the Probation Department was 210 to 262 months plus the five years mandatory imprisonment for the firearms charge. The sentence eventually imposed was 144 months, five and one-half years below the Guideline Range, so the plea bargain resulted in a sentence in which the mandatory consecutive five years which would have been imposed on a firearms conviction after trial was essentially "absorbed" into the drug trafficking sentence.

7

In sum, Lawson has proved neither the deficient performance nor the prejudice prong of *Strickland*. His First Ground for Relief should therefore be dismissed.

**Ground Two: Guideline Range Miscalculation**

In his Second Ground for Relief, Defendant claims his Sentencing Guideline range was miscalculated by the Probation Department. He says his base level should have been twenty-six and the Probation Department should have used the "whole person" concept suggested in *Concepcion v. United States*, 597 U.S. 481 (2022).

The United States Attorney reads Ground Two as pleading an ineffective assistance of trial counsel claim but the Magistrate Judge disagrees. There is no warrant for reading this claim as pleaded as being for ineffective assistance. The claim reads as a court error claim and does not even begin to suggest the error was caused by deficient performance by Attorney Mullins.

As a claim of court error, Ground Two is barred by Lawson's procedural default in failing to present it to the Sixth Circuit on direct appeal. As noted above, Lawson did not appeal at all from his conviction and his time to do so has long since expired.

On the merits, Ground Two is not cognizable in a § 2255 proceeding. A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Nichols v. United States,* 563 F.3d 240, 250 (6th Cir. 2009). In other words, to warrant relief under § 2255, a prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence on the guilty plea or the jury's

8

verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006), *citing Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Review under § 2255 is rarely if ever available to consider an asserted violation of the Sentencing Guidelines which could have been raised in the district court or on direct appeal. *Grant v. United States,* 72 F.3d 503 (6th Cir. 1996).

Moreover, Lawson has not shown a violation of the Sentencing Guidelines. *Concepcion* does not speak to the Sentencing Guidelines at all. At the outset of her majority opinion, Justice Sotomayor wrote:

> There is a longstanding tradition in American law, dating back to the dawn of the Republic, that a judge at sentencing considers the whole person before him or her "as an individual." *Koon v. United States*, 518 U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). In line with this history, federal courts today generally "exercise a wide discretion in the sources and types of evidence used" to craft appropriate sentences. *Williams v. New York*, 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). When a defendant appears for sentencing, the sentencing court considers the defendant on that day, not on the date of his offense or the date of his conviction. *Pepper v. United States*, 562 U.S. 476, 492, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011).

597 U.S. at 486. *Concepcion* addressed application of the First Step Act and not of the Sentencing Guidelines. It does not suggest any error in calculating the Guideline range in this case, much less in the sentence Judge Rice ultimately imposed, which appears to have given Lawson more credit "as an individual" than the Guidelines suggested. Indeed, Lawson makes no argument as to why his base score should have been twenty-six.

Lawson relies on *United States v. Robinson*, 2022 WL 17904534 (S.D. Miss 2022), in which the District Judge found the Sentencing Guidelines for pure methamphetamine overstated the culpability of dealers in that drug and opted to use the offense level for dealing in mixtures of meth with other substances, warranting a base offense level of twenty-six. But as the United States

9

points out, the Probation Department already used the "mixture" guideline in this case. Moreover, as pointed out above, Judge Rice already departed very substantially from the Guidelines in imposing sentence. Lawson's Second Ground for Relief is also without merit.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion to Vacate be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 9, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #